```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY


------------------------------------
                                    :
    MATTHEW RAMBOW,                 :
                                    :
         Plaintiff,                 :   CIVIL NO. 10-1610 (NLH)
                                    :
     v.                             :
                                    :           OPINION
    COMMISSIONER OF                 :
    SOCIAL SECURITY,                :
                                    :
         Defendant.                 :
                                    :
------------------------------------
```

**APPEARANCES:**

ROBERT ANTHONY PETRUZZELLI
JACOBS, SCHWALBE & PETRUZZELLI, PC
WOODCREST PAVILION
TEN MELROSE AVENUE
SUITE 340
CHERRY HILL, NJ 08003

   *Attorney for Plaintiff*

SIXTINA FERNANDEZ
SPECIAL ASSISTANT UNITED STATES ATTORNEY
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
26 FEDERAL PLAZA, ROOM 3904
NEW YORK, NY 10278

   *Attorney for Defendant*

**HILLMAN**, District Judge

   This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to review the final decision of the Commissioner of the Social Security Administration, denying the application of

Plaintiff for Disability Insurance Benefits and Supplemental Security Income ("Social Security benefits") under Title II and Title XVI of the Social Security Act.  42 U.S.C. § 401, et seq. The issue before the Court is whether the Administrative Law Judge ("ALJ") erred in finding that there was "substantial evidence" that Plaintiff was not disabled at any time since his alleged onset date of disability, March 17, 2005.  For the reasons stated below, this Court will reverse that decision and remand the matter for further proceedings.

I.   BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, who was thirty-six years old at the time, filed an application for disability benefits, claiming that as of March 17, 2005, his vertebrogenic disorder (pain in his lumbar spine) and osteoarthritis and pain in his left ankle have left him completely disabled.  Prior to this time, Plaintiff worked as a package handler, maintenance technician and delivery person.

After a hearing before an ALJ, it was determined that Plaintiff was not disabled.  Plaintiff appealed the decision, and the Appeals Council denied review rendering the ALJ's decision final.  Plaintiff now seeks this Court's review.

II.  DISCUSSION

A.   Standard of Review

Under 42 U.S.C. § 405(g), Congress provided for judicial

review of the Commissioner's decision to deny a complainant's application for Disability Insurance Benefits. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995). A reviewing court must uphold the Commissioner's factual decisions where they are supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). Substantial evidence means more than "a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The inquiry is not whether the reviewing court would have made the same determination, but whether the Commissioner's conclusion was reasonable. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

A reviewing court has a duty to review the evidence in its totality. See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984). "[A] court must 'take into account whatever in the record fairly detracts from its weight.'" Schonewolf v. Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (quoting Willbanks v. Secretary of Health & Human Servs., 847 F.2d 301, 303 (6th Cir. 1988) (quoting Universal Camera Corp. V. NLRB, 340 U.S. 474, 488 (1951)).

The Commissioner "must adequately explain in the record his reasons for rejecting or discrediting competent evidence." Ogden v. Bowen, 677 F. Supp 273, 278 (M.D. Pa. 1987) (citing Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)). The Third Circuit has held that an "ALJ must review all pertinent medical evidence and explain his conciliations and rejections." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000). Similarly, an ALJ must also consider and weigh all of the non-medical evidence before him. Id. (citing Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983)); Cotter v. Harris, 642 F.2d 700, 707 (3d Cir. 1981).

The Third Circuit has held that access to the Commissioner's reasoning is indeed essential to a meaningful court review:

> Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978). Although an ALJ, as the fact finder, must consider and evaluate the medical evidence presented, Fargnoli, 247 F.3d at 42, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record," Hur v. Barnhart, 94 Fed. Appx. 130, 133 (3d Cir. 2004). In terms of judicial review, a district

4

court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams, 970 F.2d at 1182. Moreover, apart from the substantial evidence inquiry, a reviewing court is entitled to satisfy itself that the Commissioner arrived at his decision by application of the proper legal standards. Sykes, 228 F.3d at 262; Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Curtin v. Harris, 508 F. Supp. 791, 793 (D.N.J. 1981).

    **B.**    **Standard for Disability Insurance Benefits**

The Social Security Act defines "disability" for purposes of an entitlement to a period of disability and disability insurance benefits as the inability to engage in any substantial gainful activity by reason of any medically determinable physical and/or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months. See 42 U.S.C. § 1382c(a)(3)(A). Under this definition, a Plaintiff qualifies as disabled only if his physical or mental impairments are of such severity that he is not only unable to perform his past relevant work, but cannot, given his age, education, and work experience, engage in any other type of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific

job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B)(emphasis added).

The Commissioner has promulgated regulations for determining disability that require application of a five-step sequential analysis. See 20 C.F.R. § 404.1520. This five-step process is summarized as follows:

1. If the claimant currently is engaged in substantial gainful employment, he will be found "not disabled."

2. If the claimant does not suffer from a "severe impairment," he will be found "not disabled."

3. If the severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and has lasted or is expected to last for a continuous period of at least twelve months, the claimant will be found "disabled."

4. If the claimant can still perform work he has done in the past ("past relevant work") despite the severe impairment, he will be found "not disabled."

5. Finally, the Commissioner will consider the claimant's ability to perform work ("residual functional capacity"), age, education, and past work experience to determine whether or not he is capable of performing other work which exists in the national economy. If he is incapable, he will be found "disabled." If he is capable, he will be found "not disabled."

20 C.F.R. § 404.1520(b)-(f). Entitlement to benefits is therefore dependent upon a finding that the claimant is incapable of performing work in the national economy.

This five-step process involves a shifting burden of proof. See Wallace v. Secretary of Health & Human Servs., 722 F.2d 1150,

6

1153 (3d Cir. 1983).  In the first four steps of the analysis, the burden is on the claimant to prove every element of his claim by a preponderance of the evidence.  See id.  In the final step, the Commissioner bears the burden of proving that work is available for the Plaintiff: "Once a claimant has proved that he is unable to perform his former job, the burden shifts to the Commissioner to prove that there is some other kind of substantial gainful employment he is able to perform."  Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987); see Olsen v. Schweiker, 703 F.2d 751, 753 (3d Cir. 1983).

### C. Analysis

In this case, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset of disability (Step One).  The ALJ next found that Plaintiff's osteoarthritis and left ankle impairments were severe (Step Two).  The ALJ then found that Plaintiff's impairments did not meet the medical equivalence criteria (Step Three).  At Step Four, the ALJ found that even though Plaintiff was not capable of performing his previous jobs, which could be classified as heavy and medium work, the ALJ found that Plaintiff had the residual functional capacity (RFC) to perform light work (Step Five).

Plaintiff presents three arguments for review: (1) the ALJ erred in his Step Two analysis by not considering his lumbar

spine condition to be severe; (2) the ALJ erred in determining Plaintiff's residual functional capacity; and (3) the ALJ erred in his assessment of the medical evidence and his credibility assessment of Plaintiff's testimony.

The Court finds that the ALJ erred in his determination as to Plaintiff's residual functional capacity. Thus, the case must be remanded for further review consistent with the discussion below.[1]

The bulk of the ALJ's opinion is focused on discrediting Plaintiff's credibility with regard to his claim that the debilitating pain he experiences from his ankle and back impairments renders him unable to do anything--stand, walk, sit-- for longer than 15 minutes at a time. The ALJ acknowledges that Plaintiff suffers from these conditions, that the ankle impairment is "severe," that his pain causes limitations, and that he can no longer perform his past work. The ALJ cites, however, to the medical records, and inconsistencies between those records and Plaintiff's testimony, that cause the ALJ to cast significant doubt on the extent of those conditions and resulting pain as Plaintiff describes them. (See R. at 9-12.)

---

[1] Plaintiff requests that instead of remanding the case to the Commissioner for further consideration, this Court should order the Commissioner to immediately pay Plaintiff his benefits. As explained below, the Court cannot honor Plaintiff's request.

8

On that finding, this Court cannot find that the ALJ erred. The Social Security regulations provide that allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. § 404.1529(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible as long as he explains why he is rejecting the testimony. Schaudeck v. Comm'r of Social Security, 181 F.3d 429, 433 (3d Cir. 1999); SSR 96-7p. The ALJ properly did so here.

The ALJ erred, however, in his determination that Plaintiff could still perform "light work." The ALJ concluded that despite Plaintiff's impairments, he retained the residual functional capacity to perform "a narrow range of light work." The Regulations define light work to involve "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). The Regulations further explain:

> Pushing and pulling of arm-hand or leg-foot controls require greater exertion than in sedentary work; e.g., mattress sewing machine operator, motor-grader operator, and road-roller operator. . . . "Frequent" means occurring from one-third to two-thirds of the time. Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking,

9

>off and on, for a total of approximately 6 hours of an
>8-hour workday.  Sitting may occur intermittently
>during the remaining time.  The lifting requirement for
>the majority of light jobs can be accomplished with
>occasional, rather than frequent, stooping.  Many
>unskilled light jobs are performed primarily in one
>location, with the ability to stand being more critical
>than the ability to walk. . . .

SSR 83-10.

"To be considered capable of performing a full or wide range of light work, [a claimant] must have the ability to do substantially all of these activities."  20 C.F.R. § 404.1567(b).  "Relatively few unskilled light jobs are performed in a seated position."  SSR 83-10.

The ALJ found that Plaintiff fit into the light work category because he could lift and carry up to 20 pounds, and that the evidence failed to demonstrate that his conditions limited his ability to sit for prolonged periods.  (R. at 9.)  The ALJ qualified his finding by including the following restriction: "[T]he claimant's ankle condition would reasonably limit his capacity for prolonged standing or walking up to four hours in an eight-hour workday."  (Id.)  The ALJ ultimately found, however, that these "additional limitations have little or no effect on the occupational base of unskilled light work."  (R. at 13.)

The problem with the ALJ's finding is that it leaves both Plaintiff and this Court guessing as to what jobs Plaintiff is

10

qualified for.  The description of light work requires that a person capable of such work must be able to either sit or stand for 6 hours, and lift and carry frequently, necessitating "being on one's feet up to two-thirds of a workday."  The Regulations also state that very few light work jobs are performed in a seated position.  The ALJ's conclusions as to Plaintiff's limitations and restrictions--such as the prohibition on standing or walking for more than 4 hours--do not support the conclusion that Plaintiff is capable of light work, as defined by the SSA.[2]

Moreover, even if light work jobs did exist that could accommodate Plaintiff's limitations, the ALJ has failed to meet his burden of showing what those jobs are.  The Regulations explain, "Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having

---

[2] The Court also notes that even though the ALJ found Plaintiff's lumbar spine condition to not be "severe" at Step Two, he was still required to consider all of Plaintiff's impairments in combination when making the RFC determination.  See 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' as explained in §§ 404.1520(c), 404.1521, and 404.1523, when we assess your residual functional capacity.").  At a minimum, the evidence shows that Plaintiff suffered from mild abnormalities prior to the ALJ hearing, and that a post-hearing x-ray, ordered by the ALJ and read by a state consultative physician, revealed "moderate to advanced degenerative disc disease at L5-S1."  (R. 255.)  On remand, the ALJ must consider Plaintiff's back condition in combination with his ankle impairment in making his RFC determination.

11

requirements which you are able to meet with your physical or mental abilities and vocational qualifications." 20 C.F.R. § 404.1566(b). In making that determination, an ALJ is required to take notice of reliable job information available from various governmental and other publications, such as the Dictionary of Occupational Titles, County Business Patterns, Census Reports, Occupational Analyses, and Occupational Outlook Handbook. Id. The ALJ may also use the services of a vocational specialist. Id. A vocational specialist, when presented with a hypothetical claimant mirroring the relevant impairments of the current disability applicant, can offer specific examples of available jobs or opine on the applicant's ability to perform a certain range of work.[3]

The ALJ in this case does not appear to have consulted any resource in determining the existence of jobs Plaintiff is capable of performing.[4] It is unclear whether the ALJ found that

---

[3]Consultation with a vocation expert is also encouraged when it must be determined whether a claimant is capable of performing sedentary work. See SSR-96-9p.

[4]According to Medical-Vocational Rule 202.21, if Plaintiff's maximum sustained work capability is limited to light work as a result of a medically severe impairment, and Plaintiff is a younger individual (age 18-49), is a high school graduate or more, and her previous work experience consisted of non-transferable skilled or semi-skilled skills, then she is found not disabled. 20 C.F.R. Part 404, Subpart P, Appendix 2. Because the Court has found that the ALJ erred in his determination of light work, a finding of

Plaintiff was capable of being a mattress sewing machine operator, motor-grader operator, road-roller operator, or any other job classified as "light work."  At a minimum, the ALJ failed to articulate the requirement that there is "some other kind of substantial gainful employment" Plaintiff is able to perform.  That failure, combined with the irreconcilability of the ALJ's findings on Plaintiff's impairments with the qualifications of "light work," along with the ALJ's failure to consider all of Plaintiff's conditions in combination, render the ALJ's RFC determination, and his ultimate decision to deny disability benefits, to be in error.  Consequently, the matter must be remanded for reconsideration.[5]

---

"not disabled" under Medical-Vocational Rule 202.21 is inappropriate.

　　[5]The Court recognizes that if a claimant is found to be capable of light work, that person is automatically deemed capable of sedentary work, "unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."  20 C.F.R. § 404.1567(b). Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." Id. § 404.1567(a).  The regulations further explain, "Since being on one's feet is required 'occasionally' at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday."

As noted above, Plaintiff requests that this Court order the immediate award of benefits, rather than remand the case for further proceedings.  Although there is a basis in the law that allows a district court to order the payment of benefits instead of remanding the case for further review, a district court must also be certain that a plaintiff is entitled to those benefits. See Gilliland v. Heckler, 786 F.2d 178, 184-85 (3d Cir. 1986) (citations omitted) (explaining that the decision to direct the "award of benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the Claimant is disabled and entitled to benefits"); see also INS v. Ventura, 537 U.S. 12, 16 (2002) ("[T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.").

---

SSR 83-10.  The ALJ restricted Plaintiff to 4 hours of standing or walking in a work day, a finding that fits into the sedentary work description.  The ALJ, however, failed to articulate what kind of substantial gainful employment Plaintiff was capable of at the sedentary level--the same failing as his "light work" determination.  This is compounded by the fact that Medical-Vocational Rule 202.21 does not apply to a finding of sedentary work, and that the use of a vocational expert in the determination of sedentary work is strongly urged by the Regulations.  Thus, the Court cannot consider the ALJ's determination that Plaintiff is capable of light work as harmless error because the Court cannot find that the ALJ has properly supported the finding that Plaintiff is capable of sedentary work.

In this case, the Court cannot independently determine Plaintiff's RFC and articulate what jobs he would be able to perform, if any.  See Williams, 970 F.2d at 1182 (explaining that a district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder"). The Court recognizes that Plaintiff has been waiting for a final decision on his disability benefits, but the Court is confident that upon remand, the Commissioner will provide a prompt determination, in accord with this Opinion, as to Plaintiff's benefits application.

### III. Conclusion

For the reasons expressed above, the ALJ's determination that Plaintiff retained the residual functional capacity to perform light work is not supported by substantial evidence. Even though the ALJ may ultimately come to the same conclusion upon reconsideration of Plaintiff's application, the ALJ must properly support his decision.  Accordingly, the decision of the ALJ is reversed, and the matter shall be remanded.  An accompanying Order will be issued.

Date: February 2, 2011            s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.